By the Court :
We agree with counsel for plaintiff in error, that the power to dispose of property in this state by will is conferred by statute, and that the authority to make the will is found in section 5914 of the Revised Statutes.
By virtue of this section “Any person of full age and of sound mind and memory, and not under any restraint, having any property, personal or real, or any interest therein, may give and bequeath the same to any person by last will and testament lawfully executed.” This is an old and general provision, a,nd yet it does not leave to the owner of property a free hand to dispose f property, without limitations and restrictions. Th > very next section of the wills act, section 5915, places a limitation on the will making power, by providing that where the testator leaves issue of his body or an adopted child, devises and bequests to charitable purposes shall be invalid, unless such will shall have been executed at least one year before the decease of the testator.
The manner of execution of such instrument, and all steps for the probating and recording of the same, as well as the means of executing its provisions, are furnished by statute.
Another notable limitation on testamentary disposition exists in section 4200, Revised Statutes, restricting the entailment of estates by deed or will, and there are other instances of legislative restraint found in our wills act. Yery prominent among them is section 5961, which directly bears upon and determines the controversy in this case. It reads:
*240 “Section 5961. [Child reported dead, or born after will made, to have portion of estate.] When a testator, at the time of executing his will, shall have a child absent and reported to be dead, or having a child at the time of executing the will, shall afterward have a child who is not provided for in the will, the absent child, or the child.born after the execution of the will, shall take the same share of the estate, both real and personal, that he would have been entitled to if the testator had died intestate,” etc.
The remainder of the section not quoted, relates to the method of ascertaining and supplying to the after-born child his share of the estate. The record in this case shows, and it is stated in the will itself, that, when it was executed the testatrix had one child then' living — George Gabriel Lushey — and, after its execution she gave birth to another child, Harry W. Lushey — who is the defendant in error. The event of his birth, after the will was made, brought section 5961 into operation, and when the testatrix died, in June, 1878, Harry W. became her heir at law and entitled to one-half of the estate. This is so, by reason of this statute, although the testatrix endeavored to guard against it by express provision, where she said: “Should any child or children, we having now only one, George Gabriel, be born to me hereafter, it shall in no ioise alter or revoke this toill and' testament This indicates that the law of such event was under consideration when the will was drafted, and it may have been then thought, as is now argued for plaintiff in error, that a clear expression concerning an after-born child and her wishes touching it, stated in the will, would avoid the force of section 5961; and we are referred to section 5959, as containing a provision which will permit such a construction. But *241 section 5959 does not cover a case where there is a child living at the time the will is executed, but provides for. a very different situation. These two sections are independent but not inconsistent provisions. Each covers a case not covered by the other. Both have been in force as far back as 1840, at least. One of them much longer than that.
Counsel urge that, having contemplated the probability of the birth of another child after the date of her will, and having, expressed a determination to disinherit it, her will should stand and that we should so construe section 5961 as to let it have its intended effect. But the language is not a provision for, but is one against the after-born child.
It seems to us that the open and avowed disregard of the words of the statute is entitled to no higher consideration than a silent omission to mention and provide for such child. One course is no more potent than the other. She could neither suspend nor repeal the law, and it is not within the power of this court to do so. Many cases have been cited from other states construing their statutes on kindred subjects, but they are fruitless here, when we consider the plain and uncompromising language of our own legislation. We do not undertake to give reasons for the difference between section 5959 and section 5961, but it is our duty to enforce each when a case arises to which one or the other applies.
By the terms of the will, the testatrix cut off George Gabriel, the living child, and by the subsequent birth of Harry W. and the death of the testatrix, he inherited one-half of the estate of the mother just as if she had died intestate.
It follows, therefore, that George Lushey, the husband of the testatrix, when he gave the mortgage to *242 plaintiff in error, owned but one-half of the premises described in the'mortgage, and that the judgment of the court of common pleas was right, and that the circuit court did not err in affirming the judgment.

Judgment affirmed.

Burket, Davis and Price, JJ., concur.